1  **LANZONE MORGAN, LLP**
   **Jomo K. Stewart, SBN 197560**
2  **jks@lanzonemorgan.com**
3  **5001 Airport Plaza Drive, Suite 210**
   **Long Beach, California 90815**
4  **Telephone: 562-596-1700**
   **Facsimile: 562-596-0011**
5

6  Attorneys for Plaintiffs

7

8  ## IN THE UNITED STATES DISTRICT COURT

9  ## FOR THE NORTHEN DISTRICT OF CALIFORNIA – SAN JOSE COURTHOUSE

10  YOLANDA SANCHEZ, an individual;       ) Case No.:
11  and DANIEL SANCHEZ, an individual;    ) Complaint Filed:
                                          ) Assigned to Department:
12                      Plaintiffs,       ) Hon.
                                          )
13           vs.                          )
                                          ) **COMPLAINT FOR DAMAGES AND**
14  COUNTY OF SANTA CLARA; KITINA         ) **DEMAND FOR JURY TRIAL**
15  MARTIN; individually and in her official )
    capacity as an employee of Santa Clara ) 1. Violation of Civil Rights (42 U.S.C.
16  County; CITY OF SAN JOSE; SAN JOSE    ) §1983, 14th Amendment Procedural Due
    POLICE DEPARTMENT; and DOES 1        ) Process);
17  through 20;                           ) 2. Violation of Civil Rights (42 U.S.C.
                                          ) §1983, 14th Amendment Substantive Due
18                      Defendants.       ) Process);
                                          ) 3. *Monell* Claims (42 U.S.C. §1983)
19                                        ) 4. Failure to Comply with Mandatory Duties
                                          ) (Cal. Govt. Code § 815.6)
20                                        ) 5. Intentional Infliction of Emotional Distress
                                          )
21                                        )
                                          )
22                                        )
                                          )
23                                        )
                                          )
24                                        )
                                          )
25                                        )

26

27  COMES NOW, Plaintiff, who alleges upon information and belief as follows:

28  ///

1

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

Plaintiffs bring this civil rights lawsuit pursuant to 42 U.S.C. §1983 to redress the deprivation by Defendants, at all times herein acting under color of state law, of rights secured to Plaintiffs under the United States Constitution, including the First and Fourteenth Amendments, and under California law where applicable as stated herein. This action seeks redress for the loss of familial relations, love, comfort, society, and companionship that have been suffered by Plaintiffs as the result of the actions of the known and unknown Defendants described herein, and the certain life altering emotional consequences of those events that will continue to be suffered by Plaintiffs. This matter involves a tremendous abuse of power by government actors employed by the County of Santa Clara and the City of San Jose, who did collectively endeavor to change the custody of children with an initial extra-judicial removal of the minor children (J.B. and A.B.), and a subsequent campaign of unlawful and injurious actions taken with utter disregard for the rights and liberties of Plaintiffs without due process of law, in a manner constituting a violation of substantive due process rights of Plaintiffs.

**JURISDICTION & VENUE**

1.      Plaintiffs bring this lawsuit pursuant to 42 U.S.C. Section 1983 to redress the deprivation by defendants, at all times acting under color of state law, of rights secured to Plaintiffs under the United States Constitution, including the First and Fourteenth Amendments.

2.      Jurisdiction is conferred on this Court by 28 U.S.C. section 1343 (3) and 1343 (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. 1983. Jurisdiction is also conferred by 28 U.S.C. 1331 (a) because claims for relief derive from the United States Constitution and the laws of the United States.

3.      This Court has supplemental jurisdiction over Plaintiffs' state law causes of action pursuant to 28 U.S.C. § 1367(a).

4.      Venue properly lies in the Northern District of California pursuant to 28 U.S.C. §1391(b), in that the events and circumstances herein alleged occurred in the County of Santa

2

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Clara. Assignment to the San Jose Division of the United States District Court, Northern District of California, is appropriate pursuant to Local Rule 3-2(e).

## PARTIES

"PLAINTIFFS."

5.      At all relevant times herein, Plaintiffs were residents of the County of Sacramento, California. Plaintiff YOLANDA SANCHEZ ("YOLANDA") was at all times relevant to the claims herein, the paternal grandmother of the minors J.B. ("JB") and A.B.("AB") (a fictitious name is used herein to protect the minor's privacy). At the time the incidents giving rise to the causes of action in this Complaint occurred, JB was eight years old and AB was ten years old.

6.      The children's full names are known to all Defendants, and is being withheld herein, unless otherwise ordered by the Court, to provide them some level of confidentiality. Plaintiffs are referred to collectively at times herein as "PLAINTIFFS."

7.      Plaintiff DANIEL SANCHEZ ("DANIEL") was at all times relevant to the claims herein, the paternal step-grandfather of the minors JB and AB ("the MINORS").

8.      Prior to the removal of the MINORS at the dates and times described herein below, PLAINTIFFS had custody, nurtured, provided guidance, and care, for the MINORS, in a loving and caring manner to the best of their abilities. At no time were the MINORS denied medical care, food, housing, or clothing.

9.      At no time were the MINORS at imminent risk of serious bodily injury, or in such circumstances of risk of injury such that there was insufficient time to seek a warrant.

10.      At no time was consent given for the removal or detention of the MINORS, and at no time was a warrant in California obtained to remove them from the care of the PLAINTIFFS.

## DEFENDANTS

11.      The Defendant, COUNTY OF SANTA CLARA ("the COUNTY") was at all relevant times and is a local public entity, as that term is defined in Government Code section 900.4. COUNTY is a public governmental entity organized and existing under the laws of the State of California. COUNTY is authorized by law to establish certain departments responsible for

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

enforcing laws and protecting the welfare of the citizens of COUNTY. Defendant COUNTY is legally responsible for the events and damages complained of herein, either by virtue of respondeat superior as to the actions of the County's employees under state law, or by virtue of policies, practices, customs or procedures and/or, lack of training or insufficient training on the Constitutional rights of family members coming into contact with COUNTY employees of their Social Services Agency (SSA) and Child Protective Services unit (CPS).

12.     At all times mentioned herein, COUNTY was responsible for overseeing the operation, management, and supervision of various sub-unit/departments within COUNTY, such as, the County of Santa Clara Social Services Agency and the CPS sub-unit thereof. These sub-unit/departments, and unknown others, are all local government agencies under the auspices of the COUNTY and may, at times hereinafter in this Complaint, be referred to collectively as "COUNTY." COUNTY and the individually named and Doe Defendant's may, as circumstances dictate, be collectively referred to at times hereinafter in this Complaint as the, "COUNTY DEFENDANTS."

13.     Defendant KITINA MARTIN (MARTIN), whose acts as alleged herein were performed in her individual capacity or as an employee of COUNTY, and under color of state law, was at all times material hereto, upon Plaintiff's information and belief, a case worker and/or emergency response worker, employed by COUNTY in its CPS unit.

14.     Defendant CITY OF SAN JOSE (hereinafter "CITY") is a municipality, organized and operating under the laws of the State of California.

15.     Defendant SAN JOSE POLICE DEPARTMENT ("SJPD") is a city governmental agency organized and existing pursuant to the law and policies of Defendant CITY. SJPD promulgated, encouraged, administered, and/or permitted, the policies, practices and procedures under which the individual Defendant employees committed the acts or omissions complained of herein. Either intentionally or negligently, whether as a result of affirmative policies, practices, or procedures, or as a result of ineffective, non-existent, or inadequate training and education of employees, SJPD caused or was otherwise responsible for the acts or omissions of said employees as complained of herein. Plaintiff hereby alleges that the

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

policies, practices, and/or procedures of CITY, as determined and effected by the individual defendants and other police officers of SJPD, constitute and/or engender a circumstance and/or environment of deliberate indifference to the rights and safety of citizens of the community. The entities CITY and SJPD are referred to interchangeably herein.

16.     Defendant COUNTY and CITY were at all times alleged herein to be responsible for the appointment and promotion of employees of the COUNTY and CITY, and for the supervision, training, instruction, discipline, control, and conduct of said employees.

17.     At all times alleged herein, Defendant COUNTY and CITY had the power, right, and duty to control the manner in which the individual defendants carried out the objectives of their employment and to assure that all orders, rules, instructions, and regulations promulgated were consistent with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California, and the laws of the local municipalities.

18.     DOES 1 through 20 were police officers, social workers, agents, and employees, or were otherwise able to act under color of law on behalf of COUNTY and CITY, and its subdivisions, including but not limited to SSA and the SJPD.  By so acting under color of law, DOES 1 through 20 engaged in wrongful conduct which caused injuries to PLAINTIFFS as alleged *infra*.

19.     PLAINTIFFS are ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 20, and for that reason has sued such Defendants by such fictitious names. PLAINTIFFS will seek leave of the Court to amend this Complaint to identify said Defendants once their identities are known.

20.     PLAINTIFFS are informed and believe, and therefore allege, that each Defendant designated as a DOE was responsible in any actionable manner for the events and happenings herein referred to, which proximately caused the injuries and damages to PLAINTIFFS as alleged *infra*.

21.     Defendants, and each of them, performed the wrongful acts and omissions alleged herein in bad faith and with knowledge that their conduct violated well and clearly established and settled law.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

22.     At all times material herein, Defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other Defendant herein, and within the course and scope of such employment and agency.

23.     PLAINTIFFS are informed and believe, and thereon allege, that each of the named individual defendants herein, did knowingly and willingly, with a common intent and scheme set forth in further detail herein below, conspire to injure PLAINTIFFS, and deprive PLAINTIFFS of their rights, liberties, and interests, as such rights are afforded under the United States Constitution and the California State Constitution and conspired generally to damage PLAINTIFFS and inflict great injury upon them.

## PLAINTIFFS SATISFIED ALL PROCEDURAL REQUIREMENTS TO BRING THIS CLAIM AGAINST DEFENDANTS

24.     Plaintiffs have timely filed appropriate administrative/government tort claims pursuant to Government Code 910 et seq., with the County of Santa Clara and the City of San Jose. These claims have been denied. Thus, PLAINTIFFS have exhausted the government claim presentation process and the filing of this civil lawsuit is proper.

## FACTS COMMON TO ALL CLAIMS

25.     Each and every allegation set forth in each and every averment of this Complaint is hereby incorporated by this reference in each and every other averment, allegation, and count of this Complaint.

26.     PLAINTIFFS were previously deprived of their interests protected by the Constitution and/or laws of the United States of America, as well as California, and suffered injuries to their person, and such deprivation was caused by Defendants – by commission and omission – while Defendants acted under color of law.

27.     All acts and/or omissions perpetrated by each Defendant, except any governmental entity Defendant or any Defendant only in their official capacity, were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of PLAINTIFFS, and were done so despicably and with evil motive and/or intent.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

28.    From February 2017 to May 2017, the MINORS resided with their parents, Stacy Coker ("MOTHER") and James Bustamante Jr. ("FATHER") in the state of Nevada. The biological paternal grandfather, James Bustamante (BUSTAMANTE) also resided in the home.

29.    In May 2017, MOTHER and FATHER (collectively "PARENTS") had arranged for the MINORS to be cared for by the PLAINTIFFS who resided in Sacramento, California.

30.    Prior to May 2017, the MINORS had each spent a substantial amount of time living with the PLAINTIFFS as a family unit. AB had lived with the PLAINTIFFS as a family unit for over four years of her life; and JB had lived with the PLAINTIFFS as a family unit for over three years of his life.

31.    The PLAINTIFFS were not only related to the MINORS by genetic link but had established a long standing custodial relationship such that they were an existing family unit.

32.    The PLAINTIFFS served as the surrogate parents for the MINORS. The PLAINTIFFS and MINORS shared a long standing and substantial emotional and psychological bond with each other. These bonds and attachments derived from the intimacy of their daily interactions and associations. The MINORS felt nurtured, comfortable, safe, and loved in the home of the PLAINTIFFS. The PLAINTIFFS promoted their family's belief system and way of life through instruction and child wearing of the MINORS, and preserved blood ties through the MINORS interactions and associations with extended family members.

33.    On or around June 3, 2017, BUSTAMANTE transported the MINORS from Nevada to the home of the PLAINTIFFS in Sacramento, California. BUSTAMANTE also provided the PLAINTIFFS a letter written by the FATHER, dated June 3, 2017, that stated that the PLAINTIFFS were to have custodial care and custody of the MINORS.

34.    On or around June 27, 2017, the PLAINTIFFS agreed to allow the MINORS to go to Great America amusement park in San Jose with their paternal step-aunt, Eva Sanchez ("AUNT") who resided in San Jose. AUNT picked up the MINORS from PLAINTIFFS' home in Sacramento and returned to her home in San Jose. AUNT and the MINORS were planning to return to PLAINTIFFS' home in a couple days to celebrate the Fourth of July as a family.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

35.     On or around June 29, 2017, the PLAINTIFFS received a phone call from a social worker at the Division of Child and Family Services (DCFS) in Nevada. DCFS questioned PLAINTIFFS as to their knowledge of the PARENTS current circumstances in Nevada. The PLAINTIFFS answered the questions to the best of their knowledge.

36.     PLAINTIFFS informed DCFS that the PARENTS had given them custody of the MINORS on June 3, 2017, and that they had the paperwork to prove it. PLAINTIFFS also informed DCFS that the MINORS were safe and well cared for in their home.

37.     On June 30, 2017, the PARENTS faxed the PLAINTIFFS a second letter which was signed by the PARENTS and notarized, and stated that the PARENTS have given custody and care of the MINORS to the PLAINTIFFS.

38.     DCFS contacted the PLAINTIFFS again on June 30, 2017 and stated that the MINORS needed to be returned to Nevada.

39.     The PLAINTIFFS informed DCFS that the MINORS have been safe in their care and that the MINORS were visiting with their aunt and cousins in San Jose.

40.     In the early evening on June 30, 2017, DCFS contacted AUNT. AUNT explained to DCFS that the MINORS were living with the PLAINTIFFS. She also explained to DCFS that that PLAINTIFFS gave their consent for the MINORS to spend family time with her family, and that the MINORS were safe in her care.

41.     Several hours later, around 10:30 p.m., two officers from SJPD arrived at AUNT'S home. However, the officers just sat in their patrol car for about twenty minutes before coming to and knocking on AUNT'S front door.

42.     The AUNT opened her door and the officers asked to see a girl named "Sierra." The AUNT explained to the officers that there was no child in the house named Sierra. The AUNT became extremely concerned in regard to SJPD involvement and asked the officers if they had a warrant.

43.     Without responding to the AUNT'S question, the officers entered AUNT'S home without consent, a warrant, or exigent circumstances.

8

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

44.     Once inside the home, the officers repeatedly called the AUNT'S fifteen-year-old daughter by the wrong name "Sierra" and instructed her to come with them to be interviewed. The AUNT and her daughter kept repeating that she was not named "Sierra.".

45.     MARTIN subsequently arrived at the AUNT'S home after 11 p.m. MARTIN and the officers then left the home and called DCFS in Nevada. After the phone call, MARTIN and the officers informed AUNT that they were taking custody of the MINORS and demanded to re-enter AUNT'S home. The AUNT informed MARTIN and the officers that she was not consenting for them to re-enter her home.

46.     Undeterred, MARTIN and the officers entered the home again without consent, a warrant, or exigent circumstances and took physical custody of the MINORS. MARTIN and the officers also searched AUNT'S home for the MINOR'S belongings.

47.     The MINORS were also interrogated by MARTIN and the officers collectively without a court order, parental/caretaker consent, parental/caretaker knowledge, parental/caretaker presence, and without just and reasonable cause in violation of the PLAINTIFFS Fourteenth Amendment rights of familial association.

48.     MARTIN then loaded the MINORS into a white van and drove off with them in the middle of the night.

49.     All DEFENDANTS caused the MINORS to be removed from the PLAINTIFFS' custody without a warrant, valid court order, hearing, or justification.

50.     Upon information and belief, PLAINTIFFS allege that the MINORS were placed by MARTIN in Juvenile Hall instead of a shelter because the MINORS were only on a courtesy hold for the State of Nevada. The PLAINTIFFS are informed that the MINORS were subsequently transported by DCFS from Santa Clara County to the state of Nevada.

### FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 (14th AMENDMENT PROCEDURAL DUE PROCESS) BY

### By PLAINTIFFS Against Individual Defendants COUNTY, CITY, MARTIN and Does 1 through 20, Inclusive.

9

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

51.    PLAINTIFFS reallege, adopt, and incorporate as if set forth at length all prior paragraphs hereinabove.

52.    At all applicable times herein, Defendants COUNTY, CITY, MARTIN and Does 1 through 20, inclusive, and each of them, as alleged herein, were acting under color of state law when they wrongfully acted or failed to act and conspired together as set forth herein.

53.    That Defendants COUNTY, CITY, MARTIN and Does 1 through 20, inclusive, and each of them, knew and agreed, and thereby conspired, to unlawfully detain the MINORS from the PLAINTIFFS without just cause or authority, without imminent threat of serious bodily injury, and without court order, thereby depriving said PLAINTIFFS of their procedural due process rights secured to them under the Fourteenth Amendment of the U.S. Constitution as to their rights to procedural due process of law including by not implementing and/or following, or by ignoring, the procedural safeguards required to satisfy due process. The PLAINTIFFS possessed a liberty interest in familial integrity and association with respect to the MINORS due to the fact that the PLAINTIFFS and MINORS had a long-standing custodial relationship such that together they constituted a preexisting family unit at the time the MINORS were removed from their care. PLAINTIFFS had an important liberty interest in preserving the integrity of their family.

54.    Thereafter, PLAINTIFFS are informed and believe that Defendants COUNTY, CITY, MARTIN and Does 1 through 20, and each of them, knew and agreed, and thereby conspired to question, threaten, examine, and coerce PLAIINTIFFS and the MINORS, and initiate, pursue, and continue to pursue, a dependency investigation and (without any basis) as to the MINORS and to cause said MINORS to be detained, doing so without proper reason or authority, court order (i.e. see *Mabe v. County of San Bernardino*, 237 Fd. 3rd 11001 (2001); *Rogers v. County of San Joaquin,* 487 F.3d 1288 (2007); *Wallis v. Spencer,* 202 F.3d 1126 (9th Cir. 2000); California Welfare and Institutions §§ 306, 309, 313 & 319), without reasonable probable cause, and with deliberate indifference to the rights of said PLAINTIFFS and/or failing to correct the wrongful conduct of the other Defendants, and in retaliation of PLAINTIFFS

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  exercise of their right to object to, refuse, and complain about DEFENDANTS employees'

2  conduct and threats, as protected by the United States Constitution and laws.

3  55.    The aforesaid DEFENDANTS, and each of them, conspired to interfere with and

4  violate the civil rights of the PLAINTIFFS, as set forth under 42 U.S.C. §1983 found in the

5  Fourteenth Amendment of the United States Constitution, by, but not limited to, acting

6  and conspiring, without just, reasonable or proper cause or warrant to remove and

7  detain MINORS from their custody and care, and then to continue with dependency

8  investigations to remove custody of MINORS from PLAINTIFFS, without proper or just cause

9  and/or authority, including as: (a) retaliation for PLAINTIFFS exercise of free speech; (b) by

10  the use of intimidation, coercion and duress; (c) by using false and fabricated evidence and

11  testimony; and (d) by failing to provide exculpatory evidence; during the initiation and

12  pendency of the dependency proceedings in violation of, and interference to, the PLAINTIFFS'

13  constitutional rights to procedural due process of law under the Fourteenth Amendment.

14  56.    PLAINTIFFS are also informed and believe that after the removal of the MINORS,

15  Defendants COUNTY, CITY, MARTIN and Does 1 through 20, initiated and performed

16  medical examinations and procedures on the MINORS, without the knowledge, consent,

17  authorization of PLAINTIFFS, without the consent or presence of PLAINTIFFS, and without

18  any order or warrant for such examination, in violation of PLAINTIFFS' rights, including those

19  as set forth in clear and established law in the case of Wallis v. Spencer (9 Cir. 2000) 202 F.3d

20  1126.

21  57.    The aforesaid DEFENDANTS, and each of them, conspired to interfere with and

22  violate the civil rights of the PLAINTIFFS, as set forth under 42 U.S.C. §1983 found in the

23  Fourteenth Amendment of the United States Constitution, by interrogating the MINORS

24  without court order, parental consent, parental knowledge, parental presence, and without just

25  and reasonable cause in violation of the PLAINTIFFS' Fourteenth Amendment rights of

26  familial association.

27  58.    Defendants had, and have, an affirmative duty and obligation to recognize,

28  acknowledge, and respect the constitutional rights of PLAINTIFFS, and to conduct themselves

11

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  in a manner that confirms, provides for the preservation of, and does not violate their rights.

2  These rights include, without limitation, the right to privacy, family integrity and the right to

3  remain free of non-consensual unwarranted forensic medical examinations all arising under the

4  First, Fourth, and Fourteenth Amendments to the United States Constitution. Moreover, those

5  employees of DEFENDANTS who, in their official capacity had supervisory and/or policy

6  making authority, shared duties identical to those of their respective employers.

7  59.   The above listed constitutional mandates apply equally to government and to those

8  private persons who are willful or voluntary participants with the government in conducting

9  unwarranted forensic medical examinations. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

10  60.   At no point did any investigation by SSA and SJPD reveal any evidence or proof that the

11  MINORS were neglected or abused in any way by the PLAINTIFFS or AUNT. Moreover, at

12  no point did any investigation by SJPD reveal any other evidence of a crime.

13  61.   At no point did SSA file a Petition with the juvenile dependency court asserting

14  jurisdiction or allegations of neglect and abuse by the PLAINTIFFS.

15  62.   As a direct result of these DEFENDANTS' violation, and in accordance with

16  42 U.S.C. §1983, PLAINTIFFS civil rights have been violated in that they have suffered,

17  and will continue to suffer damages, including but not limited to, physical and/or

18  mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the

19  underlying case and in the matter, as authorized by 42 U.S.C. §1988 in an amount not

20  yet ascertained, all of which shall be shown according to proof at trial.

21  63.   The individual Defendants' wrongful conduct as herein alleged was intentional,

22  done with malice, and with conscious disregard for the rights of the PLAINTIFFS herein,

23  and as a result of their despicable conduct, PLAINTIFFS are therefore entitled to recover

24  punitive damages from said individual DEFENDANTS' wrongful acts and the amount of

25  the DEFENDANTS' wealth.

26  ### SECOND CAUSE OF ACTION

27  ### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 (14th AMENDMENT

28  ### SUBSTANTIVE DUE PROCESS) BY

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**By PLAINTIFFS Against Individual Defendants COUNTY, CITY, MARTIN and Does 1
through 20, Inclusive.**

64.    PLAINTIFFS hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

65.    Defendants COUNTY, CITY, MARTIN and Does 1 through 20, inclusive, and each of them, as alleged herein, were acting under color of state law when they knew and agreed, and thereby conspired, to unlawfully detain, question, threaten, and examine MINORS and to intimidate, retaliate, injure, and coerce PLAINTIFFS, and/or to threaten to initiate and pursue a dependency investigation (without any basis) as to the MINORS, and to cause said MINORS to be out of the care, custody, and control of PLAINTIFFS; doing so without proper reason, authority, or court order (i.e. see *Mabe v. County of San Bernardino,* 237 Fd. 3rd 11001 (2001); *Rogers v. County of San Joaquin,* 487 F.3d 1288 (2007); *Wallis v. Spencer,* 202 F.3d 1126 (9th Cir. 2000); California Welfare and Institutions §§ 306, 309, 311 and 319), without reasonable or probable cause, and with deliberate indifference to the rights of said PLAINTIFFS and/or in failing to correct the wrongful conduct of the other Defendants. The PLAINTIFFS possessed a liberty interest in familial integrity and association with respect to the MINORS due to the fact that the PLAINTIFFS and MINORS had a long-standing custodial relationship such that together they constituted a preexisting family unit at the time the MINORS were removed from their care. PLAINTIFFS had an important liberty interest in preserving the integrity of their family. PLAINTIFFS were entitled to due process protection when the DEFENDANTS decided to remove the MINORS from their preexisting family environment.

66.    The aforesaid Defendants, and each of them, conspired to interfere with and violate the civil rights of the PLAINTIFFS, as set forth under 42 U.S.C. §1983, as to PLAINTIFFS' substantive due process rights protected by the Fourteenth Amendments of the United States Constitution, including as to their liberty interests in the right of familial association, and their privacy rights under the California State Constitution, by, but not limited to, acting and conspiring to remove, detain and continue to detain, the

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

person and/or physical and legal custody of the MINORS from the care, custody, and control from PLAINTIFFS without proper or just cause and/or authority, including by the use of intimidation, coercion and duress, and by using false and fabricated evidence and testimony, and failing to provide exculpatory evidence, and interference with the PLAINTIFFS' constitutional rights.

67.     The aforesaid DEFENDANTS, and each of them, conspired to interfere with and violate the civil rights of the PLAINTIFFS, as set forth under 42 U.S.C. §1983 found in the Fourteenth Amendment of the United States Constitution, by interrogating the MINORS without court order, parental consent, parental knowledge, parental presence, and without just and reasonable cause in violation of the PLAINTIFFS' Fourteenth Amendment rights of familial association.

68.     As a direct result of these Defendants' violation, and in accordance with 42 U.S.C. §1983, PLAINTIFFS' civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the underlying case and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

69.     Said individual Defendants' wrongful conduct as herein alleged was intentional, done with malice, and with conscious disregard for the rights of the PLAINTIFFS herein, and as a result of their despicable conduct, PLAINTIFFS are therefore entitled to recover punitive damages from said individual Defendants' wrongful acts and the amount of the Defendants' wealth.

## THIRD CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 (*MONELL* RELATED CLAIMS) By PLAINTIFFS Against Defendants COUNTY and CITY.

70.     PLAINTIFFS hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

71.    COUNTY and CITY are the employers of the social workers, police officers and their
co-defendants named herein, had primary responsibility for the training, education, and
supervision of the social workers and police officers, including supervisors of such employees.

72.    PLAINTIFFS are informed and believe and thereon allege that COUNTY and CITY
promulgated, encouraged, administered, and/or permitted, the policies, practices, customs,
and procedures under which the individual DEFENDANT employees of COUNTY and CITY
committed the acts or omissions complained of herein, and was the entity responsible for the
implementation and development of training, if any, for employee social workers and police
officers.

73.    PLAINTIFFS allege COUNTY and CITY either intentionally or recklessly, whether as a
result of policies, practices, customs, or procedures (referred to collectively herein as,
"policies"), or as a result of ineffective, non-existent, or inadequate training and education of
employees ("training"), caused the individually named employee-defendants to engage in the
actions or inactions complained of herein, and such policies and non-existent/inadequate
training were a moving force responsible for the acts or omissions of said individually named
Defendant employees leading to the violations of rights of the PLAINTIFFS as complained of
herein.

74.    At all relevant times herein, Defendant COUNTY and CITY established and/or followed
policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy"
or "policies"), which were the moving force behind the violations of PLAINTIFFS'
constitutional rights alleged above, as are granted to them by 42 U.S.C. §1983 and §1985,
as well as the case of *Monell v. New York City Department of Social Services*, 436 U.S.
658(1978), including those under the First and Fourteenth Amendments.

75.    PLAINTIFFS are informed and believe, and thereon allege, that the COUNTY and
CITY have a policy, practice, custom, or procedure ("policy") which contains the following
elements and constitutes in intent and/or practice, a deliberate indifference to the rights and
safety of families such as PLAINTIFFS' family:

-A policy of using coercive, intimidating, abusive, demeaning and improper conduct

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

during their investigation of PLAINTIFFS including using the threat of removal of the MINORS when no basis for removal was present;

-A policy of retaliating against PLAINTIFFS, under color of law, for PLAINTIFFS exercise of their legal rights under the First Amendment of the Constitution to complain about the wrongful and abusive conduct of DEFENDANTS;

- A policy of seizing and detaining children without exigent circumstances (imminent danger of serious bodily harm), court order and/or the knowledge, consent or presence of their parents or legal guardian;

-A policy of causing minor children to be interviewed without Court Order, parental or guardian consent, parental or guardian knowledge, parental or guardian presence, and without just and reasonable cause;

- A policy of retaliating against individuals who exercise their constitutional right including to object to, refuse, and/or complain about the actions of the COUNTY and CITY;

- A policy authorizing and or ratifying without threat of employer discipline or reprimand, the repeated removal of children from their parents or guardians without a warrant, consent, or imminent risk of serious bodily injury to a child[ren] such that would justify or make lawful the removal of the child[ren];

- A policy authorizing or ratifying without threat of employer discipline or reprimand, the intentional failure to release and expose information which is exculpatory to the proposition that continued detention of the children is necessary for their protection;

- A policy of causing medical examinations and/or procedures of a minor child without the knowledge, consent, presence, and/or authorization of the parents or guardians, and without exigency (imminent danger of serious bodily harm), without medical need, and without court order;

-A policy of performing unreasonable and illegal searches of homes without consent, court order, or exigent circumstances;

- the policy of acting with deliberate indifference in failing to correct (including counseling and/or discipline) the wrongful conduct of other employees in failing to provide the

16

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Constitutional protections guaranteed to individuals, including those under the First, Fourth and

Fourteenth Amendments, when performing actions related to child abuse and

neglect, and dependency type investigations and proceedings.

76.    PLAINTIFFS are informed and believe, and thereon allege, that the COUNTY and

CITY has no training, or inadequate training, on:

- the scope, nature, and importance of the 14th Amendment based rights of familial

association, including not only the right to raise and care for one's child without unreasonable

government interference, the right of parents/caretakers to refuse immunizations and/or other

medical treatment, and to receive advance notice of any medical testing, evaluation, or

provision of services for their children, and to attend any medical procedures for their children

in the care of COUNTY and CITY;

- the scope, nature, and importance of the 4th Amendment based right of the people to be secure

in their persons, houses, papers, and effects against unreasonable searches and seizures;

- the nature, extent, and duration of psychological and emotional damage caused to children

and parents/caretakers by the unlawful and/or unreasonable intervention of government actors

acting under the guise of protecting children, including but not limited to: 1.) the baseless,

unreasonable, unlawful removal of children from their parents/caretakers; 2.) the inclusion of

false and misleading statements in juvenile police and/or juvenile court reports; 3.) failing to

include exculpatory and/or mitigating information in juvenile dependency court reports, in an

effort to portray the parents/caretakers, child, and circumstances in a false light in order to

influence a court to retain custody of children; and 4.) the use of threats, intimidation, and

coercion to force parents/caretakers to waive their rights, including threats of the removal of

children and including unfavorable and false statements, as well as misrepresentation of facts

(i.e. "half-truths") in reports submitted to juvenile dependency court judges for the purpose of

insuring and continuing the separation of family members to their detriment and in violation of

their rights under both state and federal law;

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

- by acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train and/or supervise its officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type proceedings;

- the legislative reasoning behind protective custody warrants, the existence of protective custody warrants, and the use of protective custody warrants pursuant to California law specifically, and the use of warrants generally when considering the removal of children from their parents/caretakers that are not at imminent risk of serious bodily injury, and;

- the existence and relevance of federal laws and precedent on the removal of children from their parents / guardians in the context of an investigation of a child abuse or neglect referral.

## FOURTH CAUSE OF ACTION

## FAILURE TO COMPLY WITH MANDATORY DUTIES

### By PLAINTIFFS Against Individual Defendants COUNTY, CITY, MARTIN and Does 1 through 20, Inclusive.

77.    PLAINTIFFS hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

78.    Government Code section 815.6 provides that "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

79.    At all relevant times, the COUNTY and CITY, through its subdivision and entity SSA and SJPD respectively, were under a mandatory duty not to interfere with parents' custody of their child unless certain conditions are met, which did not exist here.  (*See* Welf. & Inst. Code § 305, 306, 307, 307.4, 308, 309, 311, 313, 319, 328, 328.3, 340.)

80.    At all relevant times, the COUTY and SSA had a duty to comply with the regulations and requirements of the Regulations of the California Health and Human Services Agency,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Department of Social Services, Child Welfare Services Manual Policies and Procedures. The regulations of the DSS Manual: (i) are regulations established by the DSS pursuant to California Welfare and Institutions Code § 16501; (ii) were duly adopted pursuant to the Administrative Procedures Act, California Government Code §§ 11340 *et seq.* and filed with the Secretary of State and therefore "have the force of law and are matters subject to mandatory judicial notice." (*Scott v. County of Los Angeles* (1994) 27 Cal.App.4th 124, 145).

81.    By way of example, and without limitation, the COUNTY through its subdivision and entity, SSA, were required to ensure social workers, such as MARTIN, were trained and skilled in emergency response. (Department of Social Services, Child Welfare Services Manual of Policies and Procedures ("DSS Manual") section 31-101(.2.).). But for the COUNTY and SSA'S inability to follow proper emergency protocol, MINORS would not have been unlawfully removed and kept from PLAINTIFFS.

82.    As further example, and without limitation, as part of the emergency response protocol, the COUNTY through its subdivision and entity, SSA, were required to complete, among other things, a report outlining and weighing factors for removal such as: the caretakers ability to care for child, any precipitating evidence, the child's characteristics, and family factors, among other things. Despite such an affirmative duty, there was no report inclusive of relevant and mandatory factors such as PLAINTIFFS' ability and desire to care for the MINORS, the lack of any indication of prior abuse or neglect, the willingness and assistance of PLAIINTIFFS to assist with caring and providing for MINORS, and numerous other factors indicative of a capable and loving home environment.

83.    The COUNTY through its subdivision and entity, SSA, was required to ensure it had authority to remove a child prior to removal. (DSS Manual 31-135(.1).) Despite such a duty, the COUNTY and SSA deprived PLAINTIFFS of custody of MINORS without lawful authority.

84.    These actions and policies were the direct, actual, legal, and proximate cause of PLAINTIFFS' injuries and damages, in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

19

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### By PLAINTIFFS Against Individual Defendants COUNTY, CITY, MARTIN and Does 1 through 20, Inclusive.

85.    PLAINTIFFS hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

86.    ALL DEFENDANTS engaged in the aforementioned outrageous, unprivileged conduct, including, but not limited to: (a) the use of duress and undue influence in forcing PLAINTIFFS to submit to their demands; (b) by unlawfully removing, and detaining, and continuing the detention of the MINORS; (c) by investigating and questioning with intimidation, coercion and duress of the MINORS; (d) by maliciously withholding exculpatory evidence; (e) by falsely and maliciously alleging and reporting that MINORS' physical health and safety was threatened; (f) by causing MINORS to be physically examined without presence of the PLAINTIFFS; and (g) by retaliating against PLAINTIFFS due to their exercise of their rights to free speech to complain about DEFNDANTS' conduct.

87.    Defendant COUNTY and CITY are vicariously responsible for these Defendants' conduct under Government Code §815.2.

88.    These DEFNDANTS intended to cause, or acted in reckless disregard of causing, physical and emotional distress when they engaged in such conduct, which they knew not to be true and proper.

89.    As a legal result of DEFNDANTS' tortious conduct, PLAINTIFFS suffered physical and emotional distress, including, but not limited to, fright, nervousness, anxiety, worry, mortification, shock, humiliation and indignity to an extent and in an amount subject to proof at trial.

90.    DEFNDANTS, knowingly and willfully acted with malice and oppression and with the intent to harm PLAINTIFFS in a despicable manner. Therefore, PLAINTIFFS are entitled to an award of punitive damages for the purpose of punishing these Defendants and to deter them and others from such conduction in the future.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**PRAYER FOR RELIEF**

1. For general damages according to proof against all DEFENDANTS;

2. For special damages according to proof against all DEFENDANTS;

3. For punitive damages against all individual DEFENDANTS;

4. For pre-judgment and post-judgment interest, according to law, against all DEFENDANTS;

5. For attorneys' fees against all DEFENDANTS;

6. For costs of suit against all DEFENDANTS; and

7. Any and all further relief as the Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

    PLAINTIFFS respectfully demand a jury trial for all claims asserted here.

Dated: March 27, 2018

Respectfully submitted,

LANZONE MORGAN, LLP

By: _Jomo Stewart_

Jomo K. Stewart, Esq.
jks@lanzonemorgan.com
Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**